UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HECTOR MENDEZ SALAZAR,<br><br>        Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; MIKE HOLLINGSHEAD, Sheriff of Elmore County,<br><br>        Respondents. | Case No. 1:26-cv-00190-DCN<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Hector Mendez Salazar's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2). The Court expedited briefing on the matters. Dkt. 6. The Government opposes Salazar's Petition. Dkt. 8.

Upon review, and for the reasons set forth below, the Court GRANTS Salazar's Petition and denies the Motion for Temporary Restraining Order as MOOT.

ORDER - 1

## II. BACKGROUND

Salazar is a native and citizen of Mexico who first entered the United States in 2001 without inspection. He resides in Idaho with his wife and three United States citizen children. It appears he returned to Mexico once in 2006.[1]

Salazar's only criminal history consists of a single DUI conviction from 2009 and driving without privileges in 2011.

Salazar was recently detained by ICE and is currently being held at the Elmore County Detention Center in Mountain Home, Idaho, pursuant to the Department of Homeland Security's ("DHS") authority.

Salazar contends his detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A). He seeks immediate release.

## III. LEGAL STANDARD

The Constitution guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g., Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

---

[1] It is not clear from the record what prompted Mendez Salazar's "return" to Mexico. Neither side describes whether his return was voluntary (e.g. a vacation or to see family) or involuntary (e.g. because of his illegal status). The Government also asserts Mendez Salazar illegally entered the United States on three separate occasions during a three-week window in 2006 but agreed to voluntarily return to Mexico. Dkt. 8-1, at 2. It is not clear whether this is the same "return" discussed above.

Habeas proceedings provide a forum to challenge the legality of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus only when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (holding that even non-egregious errors of state law, are insufficient to justify habeas relief).

## IV. ANALYSIS

Salazar's Petition represents one of many habeas cases in the District of Idaho. In fact, the attorneys in this case reference arguments and briefing each has made in other cases in support of their respective positions.

These habeas cases concern the detention provisions at 8 U.S.C. §§ 1226(a) and 1225(b)(2). Again, because of the prolific nature of these cases, a brief review will suffice.

8 U.S.C. § 1225 applies to noncitizens "seeking admission into the country" and 8 U.S.C. § 1226 applies to those "already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

Section 1225(b)(2)(A) mandates detention when "an alien who is an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Such detention is mandatory except "for urgent humanitarian reasons or significant public benefit," § 1182(d)(5)(A). Noncitizens detained under § 1225(b) "are not entitled to a bond hearing," *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025). By contrast, § 1226 governs detention of noncitizens "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S.

at 289. Section 1226(a) establishes "the default rule": discretionary detention with the possibility of release on bond or conditional parole. 8 U.S.C. § 1226(a). Detained individuals may request bond hearings and can be released upon showing they pose no danger, security threat, or flight risk. *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017).

Recently, the Department of Homeland Security ("DHS") has all but done away with the distinction between § 1225 and § 1226, sweeping all noncitizens who entered the United States without inspection into § 1225(b)(2)(A)'s mandatory detention net— regardless of how long they have lived here. Bond hearings are not held.

All three District Judges in the District of Idaho have repeatedly rejected DHS's interpretation of these statutes. The Government recognizes as much. Dkt. 8, at 3. This notwithstanding, the Government urges the Court to reconsider its position in light of two recent circuit opinions—*Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); and *Avila v. Bondi*, 2026 WL 819258 (8th Cir. Mar. 25, 2026)—which take the opposite position as this Court. The Court appreciates the Government pointing out these cases. However, neither sways the Court from its prior analysis and holding. *See, e.g.*, "Memorandum Decision and Order," Dkt. 11, *Daniel Vences Beltran v. Henkey*, No. 25-cv-00733-DCN (D. Idaho Jan. 30, 2026) (sealed). This is a difficult question and clearly an open area of disagreement in the law.[2]

---

[2] The Court was unable to locate exact data, but the District of Idaho's position is consistent with the overwhelming majority of federal courts that have addressed this question. Many commentators estimate more than 400 federal judges have ruled against DHS's policy in almost 5,000 cases. *See, e.g.,* https://www.reuters.com/legal/government/courts-have-ruled-4400-times-that-ice-jailed-people-illegally-it-hasnt-stopped-2026-02-14/.

However, the Court respectfully disagrees with the Fifth and Eighth Circuits' analyses and finds persuasive the Seventh Circuit's analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and the dissenting opinions in *Buenrostro-Mendez* and *Avila* on the statutory interpretation issue. Chief Judge Brailsford and Judge Winmill have similarly held. *See, e.g.*, "Order," Dkt. 12, Case No. 1:26-cv-00149-AKB; "Memorandum Decision and Order," Dkt. 13, Case No. 1:26-cv-00200-BLW.

In any event, the Fifth and Eighth Circuit decisions are not binding, and the Court is not persuaded by them.

Accordingly, the Court grants Salazar's petition for habeas corpus relief and orders his immediate release from custody.

## V. ORDER

1. Salazar's Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED.

2. Salazar's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

DATED: April 22, 2026

David C. Nye
U.S. District Court Judge

ORDER - 5